## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 12-cv-0306-WJM-MEH

LEONARD E. LOVE

     Plaintiff,

v.

CHARLES A. DANIELS, USP Florence

     Defendant.

---

## ORDER ADOPTING THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PETITIONER'S AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS

---

Petitioner Leonard Love ("Petitioner") has filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, contesting prison disciplinary proceedings and the consequent loss of good time credit affecting the duration of his incarceration.  (ECF No. 5.)

This matter is before the Court on the October 31, 2012 Recommendation by U.S. Magistrate Judge Michael E. Hegarty that Petitioner's Application be denied.  (ECF No. 41.)  Petitioner filed a timely objection to the Recommendation.  (ECF No. 45.)  For the reasons set forth below, the Recommendation is adopted and Petitioner's Application is denied.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district  judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In addition, Petitioner is proceeding *pro se*; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for Petitioner, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation.  (ECF No. 41 at 2-6.)  Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein.  Briefly, Petitioner is a *pro se* prisoner at the United States Penitentiary in Beaumont, Texas, previously incarcerated at all times relevant to this litigation at the Federal Correctional Institute in Allenwood, Pennsylvania.  Respondent is the Warden at the United States Penitentiary in Florence, Colorado, where Petitioner was

incarcerated at the time he filed this action.  Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 brings three due process claims arising from three prison disciplinary proceedings conducted by the Discipline Hearing Officer ("DHO"): (1) loss of good time credits based on conduct for which Petitioner had already been sanctioned ("Claim One"); (2) denial of the opportunity to present a defense to disciplinary charges ("Claim Two"); and (3) retaliation in the form of duplicative disciplinary charges ("Claim Three").  (ECF No. 5.)  On May 24, 2012, Respondent filed a Response to Petitioner's Amended Application.  (ECF No. 24.)  On October 12, 2012, after receiving an extension of time (*see* ECF Nos. 25, 27, 35 & 38), Petitioner filed a Reply.  (ECF No. 40.)

On October 31, 2012, Magistrate Judge Hegarty entered a Recommendation to deny Petitioner's Application.  (ECF No. 41.)  On December 11, 2012, after being granted an extension of time (*see* ECF No. 43), Petitioner filed an Objection to the Recommendation.  (ECF No. 45.)  Respondent filed no response to the Objection.

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) the allegedly duplicative sanction underlying Petitioner's Claim One was in fact based upon distinct conduct, constituting a separate violation (ECF No. 41 at 9-10); (2) despite conflicting evidence in the disciplinary proceeding underlying Petitioner's Claim Two, any error was harmless because it would not have been exculpatory, and the existence of some evidence against Petitioner was sufficient to uphold the conviction (*Id.* at 10-14); and (4) the alleged retaliation underlying

Petitioner's Claim Three fails because some evidence exists to sustain the conviction (*Id.* at 15-17).

Petitioner objects to each of these findings.  (ECF No. 45.)  Regarding Claim One, Petitioner argues that the Recommendation failed to address the aggravated loss of good time credits when the duplicative disciplinary charge was considered a third offense.  (*Id.* at 2.)  Regarding Claim Two, Petitioner argues that prison officials' refusal to permit him to present evidence at his DHO hearing constitutes a procedural error, and the conflict in the evidence regarding that claim raises a question of whether the procedural error was harmless.  (*Id.* at 2-4.)  Petitioner does not object specifically to the analysis of Claim Three in the Recommendation, but states generally that he "objects to the [M]agistrate's recommendation in its entirety because it fails to support he is not entitled to relief."  (*Id.* at 4.)

## A.     Claim One

Petitioner's Claim One involves two disciplinary proceedings, Incident Report ("IR") 2073264 on October 1, 2010, and IR 2170548 on June 3, 2011, both of which involved Petitioner's use of a third party to conduct a business via telephone and e-mail.  (*See* ECF No. 5 p. 2-3.)  Under IR 2073264, Petitioner was sanctioned for "Use of the telephone for abuse other than criminal activity" (code 297) and "Unauthorized use of the mail" (code 410); under IR 2170548, Petitioner was found guilty of "Conduct disruptive to orderly running of a BOP facility" (code 297) most like "Use of a telephone for abuse other than criminal activity" (code 299), and "Conducting a business" (code 408).  (ECF No. 24-1 Attachs. 2, 10.)  Because the conduct charged in each incident

report was the same, Petitioner argues that his second conviction was duplicative and was based on old evidence.  (ECF No. 5 at 2-3.)  Petitioner further notes that the allegedly duplicative conviction was charged as a third offense with a corresponding aggravated loss of good time credits.  (*Id.*)

The Magistrate Judge found evidence that Petitioner's conduct continued after the first conviction, and therefore that the second conviction was not duplicative as it was based on distinct conduct occurring after the date of the first conviction.  (ECF No. 41 at 9-10.)  The Court has reviewed the evidence and agrees with the Recommendation.  Furthermore, Petitioner's objection, namely that IR 2170548 should not have been charged as a third offense that triggered aggravated sanctions, fails because the record shows that Petitioner was convicted of two prior offenses.  (*See* ECF No. 24-1 Attach. 3, 6.)  Evidence exists in the record to uphold the other two disciplinary convictions at issue in this case, IR Numbers 2073264 and 2165470, making IR 2170548 Petitioner's third offense.  The separate proceeding that Petitioner indicates was "expunged from his disciplinary record" (ECF No. 45 at 2) is immaterial.

Accordingly, Petitioner's objection regarding Claim One is overruled and his request for habeas relief for that claim is denied.

**B.    Claim Two**

Petitioner's Claim Two involves a separate disciplinary proceeding, IR 2165470, in which Petitioner was found guilty of "Conduct disruptive to orderly running of a BOP facility" (code 297) most like "Use of telephone for abuse other than criminal activity (TRULINCS)" (code 299).  Petitioner does not dispute that he engaged in the conduct leading to the conviction, namely that he contacted a Chief Probation Officer, USPO

Ted Johnson, by e-mail via a third party.  (*See* ECF No. 24-1 Attach. 6; *see also* ECF

No. 5 at 3a.)  Rather, Petitioner's claim centers upon his inability to present evidence in

his defense, specifically a record of telephone calls indicating prior contact with USPO

Johnson, and the testimony of a staff member, Counselor Simmons.  (*See* ECF No. 5

at 3a.)

When a prison disciplinary proceeding threatens a liberty interest such as the

loss of good time credits, prisoners are entitled to some due process protections in that

proceeding, including the opportunity to call witnesses and present evidence, as long as

"permitting [them] to do so will not be unduly hazardous to institutional safety or

correctional goals."  *Wolff v. McDonnell,* 418 U.S. 539, 564-66 (1974); *Grossman v.*

*Bruce*, 447 F.3d 801, 804-05 (10th Cir. 2006) (quoting *Wolff*).  Procedural due process

for the loss of good time credits also requires that "the findings of the prison disciplinary

board are supported by some evidence in the record."  *Superintendent, Mass. Corr.*

*Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  Any "errors made by prison officials in

denying witness testimony at official hearings are subject to harmless error review."

*Grossman*, 447 F.3d at 805.

The Magistrate Judge found that despite a conflict in the evidence regarding

Petitioner's alleged waiver of his right to present witnesses, neither the telephone

record nor Counselor Simmons's testimony would have exculpated Petitioner because

the charge upon which the DHO found Petitioner guilty was the use of a third party e-

mail to bypass the monitoring system.  (ECF No. 41 at 10-12.)  The Magistrate Judge

concluded that any error made in excluding this evidence was harmless.  (*Id.*)

Petitioner objects, arguing that the telephone records would have shown that USPO Johnson knew that Petitioner was an inmate.  (*See* ECF No. 45 at 2.)  There is no record of what the recorded telephone calls would have shown.  However, even accepting Petitioner's position that they would have proven that USPO Johnson was aware that Petitioner is a prisoner, Petitioner's failure to properly identify himself as an inmate was not a component of the conviction Petitioner ultimately received.  (*See* ECF 24-1 Attach. 6.)  Therefore, the telephone records could not have exonerated Petitioner, and any error in withholding them from Petitioner was harmless.

Petitioner also objects to the Magistrate Judge's finding that Counselor Simmons's testimony would not have affected his conviction (ECF No. 45 at 2-3), arguing that Counselor Simmons's testimony would have indicated that Petitioner had staff permission to contact USPO Johnson.  (ECF No. 45 at 2.)  The Magistrate Judge's Recommendation relied upon the DHO report in finding that "[t]he DHO considered Counselor Simmons's written statement to prison officials in response to the incident report and found Petitioner guilty as charged."  (ECF No. 41 at 12 (*citing* ECF No. 24-1 Attach. 6.))  Petitioner's Objection points out that Counselor Simmons's written statement, which Petitioner attached to his Reply (ECF No. 40-1 Attach. E), was dated May 11, 2011, *prior* to Petitioner's e-mails to USPO Johnson, and therefore was not written in response to the incident report dated May 20, 2011.  (ECF No. 45 at 3.)  Counselor Simmons's memorandum, although referring to USPO Johnson's visit to the prison, contains neither inculpatory nor exculpatory content related to the charges against Petitioner.  (*See* ECF No. 40-1 Attach. E.)  Therefore, Petitioner correctly states

that Counselor Simmons's statement did not support his conviction.  (*See* ECF No. 45 at 3.)

Nevertheless, all that is required to revoke good time credits in compliance with due process is "some evidence in the record" supporting the conviction. *Superintendent, Mass. Corr. Inst., Walpole*, 472 U.S. at 454.  Thus, the inculpatory e-mails themselves constituted evidence sufficient to convict Petitioner of the charges. (*See* ECF No. 24-1 Attach. 6 at 2; ECF No. 40-1 Attach. F.)  Furthermore, the DHO Report indicates that Petitioner stated, "I admit I had my friend forward the e-mails to Mr. Johnson," confirming that Petitioner committed the charged violation.  (*Id.*)  Even testimony by Counselor Simmons indicating that he asked Petitioner to contact USPO Johnson, as Petitioner avers (ECF No. 40-1 ¶ 9), would not have proven Petitioner innocent of using a third party to bypass the TRULINCS e-mail monitoring system. Therefore, the error in denying Petitioner the opportunity to have Counselor Simmons testify was harmless, as it would not have affected the outcome of Petitioner's case.

Accordingly, the Court finds that the procedural errors of which Petitioner complains were harmless, and denies Petitioner's request for habeas relief with respect to Claim Two.

## C.    Claim Three

The Magistrate Judge found that Petitioner's Claim Three, alleging retaliation in charging Petitioner with IR 2170548, failed because there was some evidence to support the conviction.  (ECF No. 41 at 15-17.)  Petitioner stated no specific objection to this finding.  (*See* ECF No. 45.)  The Court has reviewed the record and finds no

clear error.  Accordingly, the Court adopts the Recommendation and denies Petitioner's Application with respect to Claim Three.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.      The Recommendation of the United States Magistrate Judge (ECF No. 41), filed October 31, 2012, is ADOPTED;

2.      Petitioner's Objection to the Recommendation (ECF No. 45) is OVERRULED;

3.      Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) is DENIED; and

4.      The Clerk shall enter judgment for Defendant on all claims.  Each party shall bear his own costs.

Dated this 23rd  day of January, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge