IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00306-WJM-MEH

LEONARD E. LOVE,

      Applicant,

v.

CHARLES A. DANIELS,

      Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Respondent's Motion to Dismiss Based on Mootness [filed December 20, 2013; docket #62]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. COLO. L.Civ.R 72.1., this matter has been referred to this Court for recommendation. The Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court recommends that the District Court **grant** Respondent's motion and dismiss this action.[1]

## BACKGROUND

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Petitioner is serving a 300-month term of imprisonment at the United States Penitentiary in Beaumont, Texas, based on his convictions for bank robbery, armed bank robbery, and knowingly using and brandishing a firearm during and in relation to a crime of violence.  (Docket # 24-1, attach. 1; docket # 5 at 2 of 11.)  Petitioner's projected release date from federal custody is July 31, 2025, via good conduct time release.  (Docket # 24-1, attach. 1.)

On February 6, 2012, Petitioner, proceeding *pro se*, initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1.)  He filed an amended application on March 1, 2012, in which he challenged the constitutionality of certain disciplinary convictions he received while incarcerated at the Federal Correctional Institute in Allenwood, Pennsylvania.  (Docket # 5.)  The Tenth Circuit describes the facts in this case as follows:

> In the first relevant matter, Incident Report Number ("IR") 2073264, Love was convicted of two disciplinary charges, "Use of the telephone for abuse other than criminal activity" (code 397) and "Unauthorized use of the mail" (code 410). The charges related to Love's instructions to an individual outside of the prison system regarding the establishment and maintenance of a website and the editing and delivery of photos of other inmates. Love was sanctioned with the loss of phone privileges for sixty days and the loss of email and visitation privileges for thirty days.
>
> In IR 2165470, Love was sanctioned for "Conduct disruptive to the orderly running of a BOP facility" (code 299) most like "Use of telephone for abuse other than criminal activity" (code 297), and "Unauthorized contact with the public" (code 327). These convictions related to Love's efforts, through a third party, to arrange for the Chief Probation Officer of Western Pennsylvania to speak to the graduating class of a mentoring program that Love created without notifying the officer that he was an inmate. Love received disciplinary segregation of thirty days, disallowance of twenty-seven days' good conduct time, fifty days' forfeiture of non-vested good conduct time, and the loss of visitation and email privileges for eight months.
>
> Love was again sanctioned for violating code 299 most like 297 in IR 2166786. However, Love submitted a declaration stating that this conviction was reversed by the Northeast Regional Office of the Bureau of Prisons and expunged from his record. Love also submitted an "Administrative Remedy" report that appears to

2

support this claim.

> In IR 2170548, Love was again found to have violated code 299 most like code 297. Because this was Love's third such offense, the Discipline Hearing Officer ("DHO") concluded that Love was subject to heightened sanctions of sixty days' disciplinary segregation, fifty-four days' disallowance of good conduct time, 250 days' forfeiture of non-vested good conduct time, six months' loss of commissary privileges, and three years' loss of email privileges. Love was also found to have violated code 408, "Conducting a business," for which he lost phone and visitation privileges for six months. These charges stemmed from Love's exchanges with a third party regarding a business that established and maintained websites for inmates.

> Love asserted three due process claims in his § 2241 petition, challenging various aspects of the disciplinary proceedings that led to his loss of good conduct time.

*Love v. Daniels*, No. 13-1219, 2013 WL 6487352, at *1-*2 (10th Cir. Dec. 11, 2013).  After full briefing, this Court issued a recommendation for dismissal of the application.  Docket #41.  Over the Petitioner's objection, Judge Martinez adopted the recommendation on January 23, 2013.  Docket #46.  Petitioner appealed the judgment dismissing the application, and the Tenth Circuit Court of Appeals affirmed the judgment in part, but reversed and remanded the matter to the District Court "to find in the first instance if IR 2166786 can serve as one of the predicate violations underlying the heightened sanctions that Love received, and if not, whether § 2241 is appropriate."  *Love*, 2013 WL 6487352, at *3.

Here, Respondent files the present motion to dismiss arguing that the matter has become moot since "the Bureau of Prisons (BOP) has now determined that IR 2166786 cannot serve as one of the predicate violations underlying Mr. Love's sanctions for his conviction in IR 2170548. Based on that determination, BOP has amended and reduced the sanctions to Mr. Love."  Motion, docket #62 at 1.  Petitioner was permitted the 21-day time period within which to respond to the motion; however, when the Court received no response, it granted an extension of the response deadline to January 31, 2014.  Docket #64.  The Petitioner has filed no response to the motion nor has he

requested any further extensions of time within which to file a response.

## LEGAL STANDARDS

### I.   Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  Here, Respondent argues the Court lack s jurisdiction because the matter has become moot.  *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.").

Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909.  Accordingly, Petitioner in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995).

First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted).  The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court will accept affidavits and other evidence to resolve any disputed jurisdictional facts in this case.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded")

(quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving "a case or controversy." U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)); *see also Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotations and citation omitted).

Here, Respondent contends that the only remaining issue in this case was stated by the Tenth Circuit in its order remanding the matter: whether "IR 2166786 can serve as one of the predicate violations underlying the heightened sanctions that Love received, and if not, whether § 2241 is appropriate." Respondent states that, at the time Petitioner received the discipline he challenges in this case, June 16, 2011, a Discipline Hearing Officer (DHO) found Petitioner had committed the prohibited act of Code 299 (conduct which disrupts or interferes with the security or orderly running of the institution) Most like Code 297 (use of the telephone for illegal activity), as well as the prohibited act of Code 408 (conducting a business). *See* Attachment 10 to Declaration of Benjamin J. Brieschke, docket #24-1 at 31-33. Based in part on the DHO's determination that this was Petitioner's "3rd Offense," that is, the third time he had committed a violation of Code 299 Most like Code 297, the sanctions issued to Petitioner were:

6

a. disallowance of good conduct time for 54 days;

b. disciplinary segregation for 60 days;

c. forfeiture of non-vested good conduct time for 250 days;

d. loss of e-mail privileges for three years;

e. loss of commissary privileges for six months;

f. loss of phone privileges for six months;

g. loss of visitation privileges for six months; and

h. a disciplinary transfer.

*Id.*, § VI. When he imposed these sanctions, the DHO understood that Petitioner's first offense of Code 299 Most like Code 297 originated in Incident Report 2165470 and the second offense of Code 299 Most like Code 297 originated in Incident Report 2166786. *See* Declaration of Cassandra L. Grow, December 20, 2013 ("Grow Declaration"), ¶ 10, docket #62-1. However, Respondent asserts that, upon a more detailed review, the BOP has determined that these prior convictions in earlier incident reports do not qualify as prior offenses for purposes of calculating an appropriate sanction in Incident Report 2170548. *Id.*

That is, to qualify as a prior offense, the disciplinary sanction on the first offense must be imposed prior to the conduct giving rise to the new violation of the disciplinary code. *Id.*, ¶ 11. The DHO sanctioned Petitioner on Incident Report 2165470 on June 3, 2011 at 10:30 a.m., one hour *after* the conduct giving rise to incident report number 2170548. *Id.*, ¶ 12. Furthermore, although Incident Report 2166786 constituted a prior offense on June 16, 2011, when Petitioner was sanctioned in Incident Report 2170548, Incident Report 2166786 has since been expunged. *Id.*, ¶ 13. In light of the above disqualification of these two prior offenses, Incident Report 2170548

represents the Petitioner's first offense of Code 299 Most like Code 297. *Id.*, ¶ 14.

Accordingly, Respondent contends the Petitioner is subject to "Sanctions A-M" listed on Table 3 of Program Statement 5270.08 (2009). Attachment 2 to Grown Declaration, docket #62-2 at 57. The BOP reviewed Petitioner's record material concerning Incident Report 2170548 and determined to amend his sanctions resulting from that conviction as follows:

a. Disallowance of good conduct time for 27 days;

b. Disciplinary segregation for 30 days;

c. Forfeiture non-vested good conduct time for 50 days;

d. Loss of e-mail privileges (that is, "TRULINCS restriction") for eight months;

e. Loss of visitation privileges for eight months;

f. Loss of phone privileges for six months; and

g. Loss of visitation privileges for six months.

*See* Attachment 3 to Grow Declaration, SENTRY Inmate Discipline Data, docket #62-2 at 167. Respondent contends these amended sanctions are within the range of sanctions that may be issued against Petitioner. Grow Declaration, ¶ 15, docket #62-1.

Based on the actions taken by the BOP, Respondent argues Petitioner has received the relief he requests in this action. Here, Petitioner seeks an order "that the incident reports numbers 2165470 and 2170458 are expunged from this applicant's disciplinary record and the resulting sanctions are removed." Amended Application, docket #5 at 11. The Tenth Circuit affirmed the District Court's findings "that any procedural error [in the disciplinary proceedings] was harmless because the evidence and testimony Love would have offered could not have supported his defense," and "the evidence was sufficient for Petitioner's disciplinary convictions." *Love*, 2013 WL

6487352, at *2-*3. The Tenth Circuit questioned only whether "the heightened sanctions [Petitioner] received following his conviction in IR 2170548 were improper." *Id.* at *3. Specifically, the appellate court questioned whether the expungement of IR 2166786 would permit the report to serve as a predicate violation for the heightened sanctions. *Id.*

Here, Respondent has demonstrated that the BOP determined IR 2166786 cannot serve as a predicate violation and, thus, has removed the heightened sanctions. The Court finds that the BOP's actions in removing the heightened sanctions fulfill Petitioner's requests for expungement of the IR and removal of the heightened sanctions. Accordingly, the Petitioner has received all of the relief requested and afforded in this matter.

A petitioner's claim is moot and should be dismissed where the petitioner has received all relief requested in the petition, unless an exception to the mootness doctrine applies. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256-57 (10th Cir. 2002). That is, the Court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* at 1257.

First, Petitioner's case was not brought as a class action. Second, there is no indication that any secondary or collateral injuries survive after resolution of this single, remaining issue. Third, in removing the heightened sanctions, the BOP has essentially precluded any attempts to impose them on Petitioner for the same disciplinary conviction.

Fourth, the claim does not meet the exception to the mootness doctrine for claims that are "capable of repetition yet evading review." For Petitioner's claim to fit this exception, he must show

that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Spencer*, 523 U.S. at 17.  Petitioner has made no objection nor argument concerning this factor, and nothing in the record demonstrates that Petitioner's case can satisfy either of these conditions.  Because removal of the heightened sanctions moots Petitioner's claim for injunctive relief, the Respondent's Motion to Dismiss should be granted and this case dismissed in its entirety.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby RECOMMENDED that Respondent's Motion to Dismiss Based on Mootness [filed December 20, 2013; docket #62] be **GRANTED** and this case dismissed.

Respectfully submitted at Denver, Colorado, this 7th day of February, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

10